382 A.2d 115

**COMMONWEALTH of Pennsylvania**

v.

**Ezra CHILDS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1977.

Decided Dec. 24, 1977.

Rehearing Denied Feb. 22, 1978.

Michael A. Seidman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Michael R. Stiles, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PER CURIAM.

The appellant seeks a reversal of a post-conviction hearing order denying relief on claims that stipulations were unauthorized as to part of the evidence and ineffective assistance of counsel. Having thoroughly reviewed each of these claims, we find them to be without merit.

Order affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. Appellant claims that he was denied effective assistance of counsel at trial. The basis of this claim is trial counsel's admitted failure to interview and to call appellant's cousin as a witness in his behalf. The cousin was an eyewitness to the shooting for which appellant was charged with murder.

At his trial, appellant admitted the shooting, and presented a defense of self-defense. The testimony of appellant and his brother was that Doyle Allen, the victim, had taken money from the brother at a bar, that the brother left the bar to get help, that the brother, together with the appellant and a cousin, drove back to the bar, the appellant waited outside the open door of the bar looking in, the brother tried to get his money back and when Allen refused and started to reach in an inside pocket, appellant stepped back and then shot Allen in self-defense. The only other witness to testify was a patron at the bar who testified about the brother coming back to the bar, his demand for his money and, after the denial as to having the brother's money, the shooting of Allen by the appellant.

At the post-conviction hearing, appellant's trial counsel testified that he knew of the cousin, but thought she had remained in the car while appellant and his brother went to the bar. Trial counsel also testified he did not recall interviewing the cousin. The cousin testified at the post-conviction hearing that she was outside the bar, behind appellant, looking in. Her testimony if given at trial could have corroborated appellant's version of the incident. Trial counsel's failure to take any steps to discover what if anything she knew of the incident cannot be said to have been a reasonable course designed to effectuate his client's interest. I would therefore reverse the judgment of sentence and grant a new trial.